UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS JOHNSON,

    Plaintiff,                          CASE NO. 05-CV-10078

v.                                             DISTRICT JUDGE DAVID M. LAWSON
                                               MAGISTRATE JUDGE CHARLES BINDER

ANDREW JACKSON, Warden, *et al*.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915A(b)(1)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the complaint be *sua sponte* **DISMISSED WITHOUT PREJUDICE** because Plaintiff has failed to demonstrate that he exhausted available administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

**II.   REPORT**

    **A.    Introduction**

Plaintiff Morris Johnson is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Mound Correctional Facility in Detroit, Michigan. Plaintiff's prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983 alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment. As defendants, Plaintiff has named: Warden Andrew Jackson, Correctional Medical Services, Regional Health Administrator

Jan Epps, Health Unit Manager Ruth Ingram, Doctor Arthur Austin, Nurse Green, and Nurse Davis. By order of U.S. District Judge David M. Lawson, the case was referred to the undersigned Magistrate Judge for general case management on March 24, 2005, and Plaintiff's application to proceed without prepayment of fees was granted on April 12, 2005. After screening the complaint pursuant to 28 U.S.C. §§ 1915A(a)-(b), I conclude that the case is ready for Report and Recommendation.

**B.     Screening**

The Prison Litigation Reform Act ("PLRA") amended provisions of Title 28 of the United States Code and added a new section, § 1915A. This section provides the following:

> (a)     Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b)     Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915A.

The Sixth Circuit has stated that, according to this statute, "[a] district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the filing fee, is a pauper, is *pro se*, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

2

### C. The Exhaustion Requirement

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The plain language of the statute makes exhaustion a precondition to filing an action in federal court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The exhaustion requirement is mandatory, and applies to all prisoner claims regardless of the types of relief offered through a prison's or jail's administrative procedures. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001).

In the Sixth Circuit, prisoners bear the burden of demonstrating that they have met the exhaustion requirement: "[T]his court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To satisfy the burden of demonstrating exhaustion, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. A Michigan prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth*, 121 S. Ct. at 1822 (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but

did not "go beyond the first step"). Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at all three steps regarding each claim he seeks to raise under § 1983, and the administrative responses he received, up to and including the response to his Step III grievance appeal. In the absence of these documents, the grievances filed and the responses received must be described in detail.

The Court then reviews the grievances to determine whether each claim against each defendant was specifically raised, because the rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). The exhaustion requirement is not met if the prisoner did not mention an individual defendant until Step II or Step III of the process. *Id.*

**D.   Discussion**

In this case, Plaintiff has not attached any grievance documentation to his complaint. Sixth Circuit precedent cited above provides that, "in the absence of written documentation, [a plaintiff must] describe with specificity the administrative proceeding and outcome." *Knuckles-El*, 215 F.3d at 642. Here, Plaintiff merely checked the boxes of the form complaint indicating that he submitted grievances through Step III and included the following statement in the complaint: "On 08/09/04, I filed a grievance saying that 19 days had elapsed since I had had any medication." (Compl. at 4.) As such, Plaintiff's complaint fails to meet the mandatory threshold requirement

4

of describing with specificity the incidents grieved *and the responses received*. Accordingly, I suggest that pursuant to the PLRA and Sixth Circuit precedent, this case is subject to *sua sponte* dismissal because Plaintiff has failed to demonstrate exhaustion of administrative remedies as mandated by 42 U.S.C. § 1997e(a).

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                          s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: April 15, 2005                        United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Morris Johnson and Honorable David M. Lawson.


Dated: April 15, 2005                        By         s/Mary E. Dobbick
                                                    Secretary to Magistrate Judge Charles E. Binder