UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS JOHNSON,

        Plaintiff,

                                    Case Number 05-10078-BC
v.                                    Honorable David M. Lawson

ANDREW JACKSON, CORRECTIONAL
MEDICAL SERVICES, JAN EPP, RUTH
INGRAM, ARTHUR AUSTIN, NURSE
GREEN, NURSE DAVIS, and NURSE
GLADNEY,

        Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND DENYING MOTIONS AS MOOT

This matter is before the Court on the plaintiff's objections to the report issued by Magistrate Judge Charles E. Binder on April 15, 2005, recommending that the complaint be *sua sponte* dismissed because the plaintiff had failed to attach documentation that he had exhausted administrative remedies. In his objections, the plaintiff asserts that the civil rights complaint form does not indicate that a plaintiff must attach supporting documentation or describe the outcome of an administrative hearing. Nonetheless, he attaches several documents that he claims are the results of the Step I and II grievance process. The Court finds that the plaintiff has not exhausted available administrative remedies. The Court therefore will overrule the plaintiff's objections, adopt the magistrate judge's report and recommendation, and dismiss the complaint without prejudice.

The Prison Litigation Reform Act makes mandatory the exhaustion of administrative remedies before a prisoner may file a civil rights complaint in federal court. *See* 42 U.S.C. §

1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted"). A prisoner must demonstrate exhaustion with respect to all claims and all defendants. *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005). In the Sixth Circuit, so-called mixed complaints – complaints containing both exhausted and unexhausted claims – are subject to *sua sponte* dismissal. *Ibid.* In Michigan, a state prisoner must exhaust a three step grievance procedure. *See* MDOC Policy Directive 03.02.130.

The Court has reviewed the documents attached to the plaintiff's objections. The first exhibit contains a general description of the prison grievance procedures. The second exhibit appears to be a receipt of grievance from signed by S. White, a prison administrator. The third exhibit is another copy of the grievance procedures. The fourth exhibit is entitled "Intramural Correspondence," a letter in which the plaintiff seeks from the grievance coordinator a Step II appeal form. The first page of exhibit 5 is illegible. Other pages include various hospital records. The sixth and final exhibit purports to be a memorandum from Marcia Jenkison in the prison's regional health care administration stating that the plaintiff's Step II grievance had been resolved.

Although the plaintiff asserts that he has filed a Step III grievance and has received no response to date, the exhibits contain no record of that filing. Further, the complaint names eight defendants. There is no documentation demonstrating to whom, if anyone, the grievances were directed other than the institutional defendant. Consequently, the plaintiff has not demonstrated that he has exhausted his administrative as required by the PLRA. The plaintiff has since sought leave to file an amended complaint. However, that complaint neither addresses the exhaustion deficits nor is sufficient under the case law. *See Jones Bey*, 407 F.3d at 808 (holding that  prisoners may not

amend their complaints to delete unexhausted claims).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**, the plaintiff's objections [dkt # 9] are **OVERRULED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the plaintiff's motion for payment modification [dkt # 11] and motion for leave to file an amended complaint [dkt # 12] are **DENIED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 16, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 16, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS